**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CELINE TRAN,<br><br>    Plaintiff,<br><br>  v.<br><br>SHAD GREGORY MOSS et al.,<br><br>    Defendants. | CV 16-1214-RSWL-Ex<br>CV 12-6551-RSWL-Ex<br><br>**ORDER** re Defendant Shad Gregory Moss's Motion to Set Aside Default and Default Judgment [24] |

Currently before the Court is Defendant Shad Gregory Moss's ("Defendant") Motion to Set Aside Default and Default Judgment [24] ("Motion"). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion.[1]

---

[1] The Court **DENIES** Plaintiff's Request for Judicial Notice [34]. Even if the Court were to consider Plaintiff's untimely request, the manner of service in other lawsuits does not assist the Court in determining whether service was proper in this

1

# I. BACKGROUND

## A. Factual Background

Plaintiff is a professional model and actress residing in Los Angeles, California. Compl. ¶ 1, ECF No. 1. Defendant, professionally known as "Bow Wow," is a resident of the state of Georgia. Id. at ¶ 6.

In late 2011 or early 2012, Plaintiff agreed to appear in a music video for the French band "Electronic Conspiracy." Id. at ¶¶ 1, 15. Plaintiff consented to the use of her likeness and image by Electronic Conspiracy, but Plaintiff did not permit the footage of her performance to be used for any other purpose or in conjunction with any other musician. Id. at ¶ 16. Electronic Conspiracy is a wholly independent musical entity separate and apart from Defendant, and has no relation to Defendant. Id. at ¶ 17.

Plaintiff alleges that Defendant caused Plaintiff's image and likeness, in the form of her performance in the Electronic Conspiracy music video, to be used in a music video by Defendant for his song "Drank in My Cup." Id at ¶¶ 2, 19. Defendant allegedly made his music video available for public viewing by posting it on his official YouTube page and providing a link to it on his official Twitter page. Id. at ¶¶ 2, 23. Plaintiff alleges that there was no agreement between

---

action. Rouse v. Conner, No. C 12-2121 PJH, 2012 WL 2589240, at *1 (N.D. Cal. July 3, 2012) ("[T]he court may deny a request for judicial notice of facts that are not relevant to the question at issue.").

Plaintiff and Defendant for the use of Plaintiff's image and likeness for any purpose. Id. at ¶ 18.

**B.　Procedural Background**

On July 30, 2012, Plaintiff filed a Complaint against Defendant for false association in violation of the Lanham Act and related claims. Tran v. Moss et. al., No. 2:12-cv-06551-RSWL-E (C.D. Cal. filed July 30, 2012), ECF No. 1 ("2012 action"). After Defendant failed to appear, the Clerk entered default as to Defendant on November 1, 2012. Id., ECF No. 15. On February 22, 2013, the Court entered default judgment in the amount of $79,346.07, plus interest. Id., ECF No. 22.

On October 23, 2013, Plaintiff filed for Certification of Judgment in the 2012 action with the Northern District of Georgia, case number CV 16-315 [1]. On January 14, 2016, Defendant filed a motion to set aside default judgment for lack of personal jurisdiction and insufficient service of process in the Northern District of Georgia [2]. On February 18, 2016, the Georgia district court transferred the action to this Court [12]. This Court subsequently reopened the case [24], and on March 11, 2016, Defendant filed the instant Motion to Set Aside Default and Default Judgment [24]. The Opposition [31] and Reply [32] were timely filed, and the matter was taken under submission on April 14, 2016 [33].

/ / /

3

## II. DISCUSSION

**A. Legal Standard**

"Default judgments are ordinarily disfavored," and "cases should be decided on their merits whenever reasonably possible." Eclipse Group LLP v. Fortune Mfg. Co., Ltd., No. 14cv0441-GPC-WVG, 2014 WL 6907897, at *2 (S.D. Cal. Dec. 8, 2014) (quoting Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986)).

Under Federal Rule of Civil Procedure 55(c), the court may set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). Rule 60(b)(4) allows the court to set aside a judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). A default judgment is void where a court lacks personal jurisdiction over the defendant due to insufficient service of process. S.E.C. v. Internet Solutions for Bus. Inc., 509 F.3d 1161, 1165 (9th Cir. 2007).

A motion to set aside a judgment for lack of jurisdiction may be made at any time. Id. There is no discretion for a district court to exercise under Rule 60(b)(4); either a judgment is void or it is valid. Thomas P. Gonzales Corp. v. Consego Nacional de Produccion de Costa Rica, 614 F.3d 1247 (9th Cir. 1980).

Although the plaintiff generally has the burden to establish jurisdiction, where the defendant had actual notice of the original proceeding but delayed in bringing the motion to set aside default judgment until

4

after entry of default judgment, the defendant bears the burden of proving that service did not occur. Internet Solutions, 509 F.3d at 1165.

"Existing case law does not resolve the question of whether a defendant without actual notice also bears the burden of proving that he is entitled to relief, or whether the burden in such a case would rest with the plaintiff." Eclipse, 2014 WL 6907897, at *2.

Here, the parties disagree about whether Defendant had actual notice. See Decl. of Vera Golosker, Ex. A, ECF No. 31-3. Although Defendant's Facebook post of March 18, 2013 suggests that Defendant had notice of the 2012 action, the post does not demonstrate that Defendant had notice *before* default judgment was entered on February 22, 2013. In any case, as explained below, even if Defendant bears the burden of proving that service did not occur, Defendant has met that burden. Accordingly, the Court need not decide whether Defendant had notice or whether a Defendant without actual notice still bears the burden of proof.

**B.  Discussion**

    1.  Federal Rule of Civil Procedure 4

Rule 4 governs service of process. Rule 4(e)(2)(B) provides that "an individual . . . may be served in a judicial district of the United States by . . . leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides

5

there." Fed. R. Civ. P. 4(e)(2)(B). Alternatively, "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is made or where service is made." Fed. R. Civ. P. 4(e)(1).

Plaintiff argues that she properly served Defendant by substitute service under Federal Rule of Civil Procedure 4(e)(2)(B) by leaving a copy of the summons and of the complaint with Defendant's aunt, Ms. Donna Jones, at Defendant's home at 2838 Grey Moss Pass in Duluth, Georgia. Plaintiff provides a declaration from the process server, Frank James, in which Mr. James declares that he customarily asks the person he serves by substitution whether he or she is a resident of the home, and that Ms. Jones affirmatively told him that she lived at the home on Grey Moss Pass. Decl. of Frank James ("James Decl.") ¶¶ 4-5, ECF No. 31-1.

Defendant contends that the judgment is void under Rule 60(b)(4) because he was not properly served. Defendant provides the Donna Jones Declaration ("Jones Declaration"), in which Ms. Jones declares under oath that the Grey Moss Pass residence belongs to Defendant's mother and Ms. Jones' sister. Jones Decl. ¶ 2. Ms. Jones declares that she was only present at the residence when Plaintiff's service was effected "to check on the house and retrieve her [sister's] mail."

6

Jones Decl. ¶ 2. Ms. Jones declares that she did not tell the process server that she resided at 2838 Grey Moss Pass because she did not live there, and was only temporarily there that day. Id. at ¶ 3. Ms. Jones also states in her declaration that 2838 Grey Moss Pass is not Defendant's home. Id. at ¶ 6.

Defendant has met his burden to establish that service was improper under Federal Rule of Civil Procedure 4(e)(2)(B) because (1) 2838 Grey Moss Pass is not Defendant's dwelling or usual place of abode, and (2) Ms. Jones did not reside at 2838 Grey Moss Pass.

    2. <u>Service of Process under California Law</u>

California Code of Civil Procedure § 415.20 authorizes substitute service at the defendant's dwelling house, usual place of abode, usual place of business, or usual mailing address, in the presence of a competent member of the household or a person apparently in charge of his or her usual mailing address, who is at least 18 years of age. Cal. Code Civ. Proc. § 415.20(b). The statute also requires mailing a copy of the summons and of the complaint by first-class mail to the defendant at the place where service was made. Id. If service was made out of state by substituted service, the proof of service requirements are the same as discussed above. See Cal. Code Civ. Proc. § 417.20(a).

The California statute authorizing substitute service expressly provides that such service is only

7

permitted after reasonably diligent efforts at personal service have been made. Id.; see also Burchett v. City of Newport Beach, 33 Cal. App. 4th 1472, 1477 (Cal. Ct. App. 1995) ("[p]ersonal delivery must be attempted in all cases where [substitute] service is used") (internal quotation marks omitted); Evartt v. Super. Ct., 89 Cal. App. 3d 795, 802 (Cal. Ct. App. 1979) (exercising reasonable diligence to effect personal service is a mandatory prerequisite for substitute service). Plaintiff bears the burden to show reasonable diligence to effect personal service. Evartt, 89 Cal. App. 3d at 801.

Here, Plaintiff does not provide any evidence of reasonable diligence to effect personal service before effecting substitute service on Defendant. In fact, Plaintiff's process server did not attach a "declaration of diligence stating actions taken first to attempt personal service," as noted on the Proof of Service of Summons. Decl. of Cecily McLeod, Ex. 1, ECF No. 24-4. Plaintiff's Opposition does not address California's rules for substitute service, and relies entirely on the Federal Rules. Opp'n 9:13-17. Accordingly, Plaintiff provides no facts which suggest that Plaintiff used reasonable diligence to personally serve Defendant prior to using substituted service.

Moreover, as discussed above, Defendant has met his burden to show that service was improper because 2838 Grey Moss Pass is not Defendant's dwelling house or

usual place of abode. See Jones Decl. ¶ 6. "Dwelling house or usual place of abode" means the place where the defendant holds out as his or her principal residence, and where he or she is most likely to receive actual notice." Zirbes v. Stratton, 187 Cal. App. 3d 1407, 1415-17 (1986). The 2838 Grey Moss Pass address was not Defendant's principal residence at the time of service, and service of process at Defendant's mother's residence was not reasonably calculated to give Defendant notice. Jones Decl. ¶ 6; Zirbes, 187 Cal. App. 3d at 1416 ("We do not think service of process at a parent's residence was reasonably calculated to give [defendant] notice" where defendant established a separate legal household).

For these reasons, Defendant was not properly served under California law.

### III. CONCLUSION

Because service on Defendant was improper, the default judgment is void, and the Court **GRANTS** Defendant's Motion [24].

The Clerk shall close this action. The parties shall continue to litigate and file documents in Case No. CV 12-6551, including Defendant's answer, due on or before June 3, 2016.

**IT IS SO ORDERED.**

DATED: May 19, 2016          s/ RONALD S.W. LEW
                             **HONORABLE RONALD S.W. LEW**
                             Senior U.S. District Judge